IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Perez Antwon Brooks, | ) | C/A No.: 1:25-11683-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Warden of Kirkland Correctional | ) | RECOMMENDATION |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se, brought this action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment on December 19, 2025. [ECF No. 19]. As Petitioner is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response by January 22, 2026. [ECF No. 20]. Petitioner was specifically advised that if he failed to respond adequately, Respondent's motion may be granted, thereby ending this case. *Id.* On January 12, 2026, the undersigned granted Petitioner an extension until February 20, 2026. [ECF No. 23]. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Petitioner has failed to respond to the motion.

2

On March 2, 2026, the court ordered Petitioner to advise by March 16, 2026, whether he wished to continue with this case. [ECF No. 25]. Petitioner was further advised that if he failed to respond, the undersigned would recommend this case be dismissed for failure to prosecute. Petitioner filed no response. As such, it appears to the court that he does not oppose the motion and wishes to abandon this case. Based on the foregoing, the undersigned recommends this case be dismissed for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

April 2, 2026                              Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).