IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Perez Antwon Brooks,                           )
                                               )     C/A No. 1:25-cv-11683
                              Petitioner,       )
                                               )
vs.                                            )     **ORDER**
                                               )
                                               )
Warden of Kirkland Correctional Institution,   )
                                               )
                              Respondent.       )
_____)

The Petitioner, Perez Antwon Brooks, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a motion for summary judgment. (ECF No. 19). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the summary judgment procedures and the potential consequences for failing to adequately respond to the Respondent's motion. (ECF No. 20). On January 12, 2026, the magistrate judge granted Petitioner an extension of time in which to file his response to the motion. (ECF No. 23). However, no response was filed. Thereafter, on March 2, 2026, the magistrate judge issued an order directing Petitioner to advise the court whether he wished to continue with this case and to file a response to the Respondent's motion by March 16, 2026. (ECF No. 25). Petitioner did not file a response to the court's order or a response to the motion. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 27). The magistrate judge notified Petitioner of his right to file objections to the Report. *Id.* at 3. The Clerk's Office mailed the Report to Petitioner at his last known address, and it has not been returned to the court as undeliverable.

1

Therefore, he is presumed to have received it. Still, Petitioner has failed to file objections to the Report, and the time to do so has expired.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Therefore, having reviewed the Report and finding no clear error, the court agrees with and wholly ADOPTS the magistrate judge's recommendation. (ECF No. 27). Since January 2026, Petitioner has not participated in this litigation and has not advised the Court of any changes to his

address or status. Despite several orders granting Petitioner additional time to file his response to the motion for summary judgment, he has failed to take advantage of such extensions and has not filed any response or other filing. Therefore, the Court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. The case is **DISMISSED** without prejudice. The Clerk of Court shall provide a filed copy of this order to Plaintiff at his last known address.

In addition, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, the Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
Chief United States District Judge

April 22, 2026
Anderson, South Carolina

3